IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVIOUS MARQUES BOYD, | : | |
| Plaintiff, | : : | |
| | : | Case No. 5:23-cv-00219-MTT-CHW |
| v. | : : | |
| HANCOCK STATE PRISON, *et al.*, | : : | |
| Defendants. | : : : | Proceedings Under 42 U.S.C. §1983 Before the U. S. Magistrate Judge |

**ORDER**

*Pro se* Plaintiff Davious Boyd, a prisoner at Ware State Prison in Waycross, Georgia, filed this 42 U.S.C § 1983 complaint in the Southern District of Georgia. ECF No. 1. This action has now been transferred to this Court. ECF Nos. 3 and 4. Plaintiff did not pay a filing fee or request leave to proceed without prepayment of the filing fee. In order to proceed, Plaintiff must either pay the $402.00 filing fee or file a motion to proceed *in forma pauperis* with the required statutory supporting documentation. A prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

If Plaintiff's complaint is an attempt to raise constitutional claims under 42 U.S.C § 1983, the present pleading is insufficient to do so. First, Plaintiff names Hancock State Prison as well as "all administration/ inmates/ staff… at Hancock State Prison" as

Defendants. ECF No. 1 at 1 and 3. However, a damages suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation. *See Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); *West v. Atkins*, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law). Conclusory references to "administration", "staff", "employees" and all persons in general fail to put any certain individual on notice of alleged wrongdoing. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (finding that as a general rule, "fictitious party pleading is not permitted in federal court"); *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Collective liability, that is, when claims are brought against generalized defendants such as "all positions" or "staff" or "employees", is not permitted under § 1983, and a plaintiff must name a specific state actor who committed the civil rights violation. *See id.*; *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees ... were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen").

A state prison such as Hancock State Prison is not a legal entity subject to suit and is not a "person" under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58. 71; *Brown v. Med.*, 2016 WL 4499092, at *2 (M.D. Ga. Aug. 26, 2016)

(dismissing § 1983 claims against Riverbend Correctional Facility); *Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").

Plaintiff also appears to include prison inmates as a Defendants. ECF No.1 at 1 and 3. Prison inmates do not meet the criteria to be deemed state actors in federal civil rights claims pursuant to § 1983. *See Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993); *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (finding that "[o]nly in rare circumstances" will private individuals be converted into "state actors" for purposes of § 1983.); *Jackson v. Strickland*, No. 4:17-CV-243-CDL-MSH, 2018 WL 2424140, at *2 (M.D. Ga. Apr. 4, 2018), *report and recommendation adopted*, 2018 WL 2422318 (M.D. Ga. May 29, 2018) (dismissing plaintiff's claims against a fellow inmate for an assault). To present a claim, Plaintiff must name a particular state actor as a Defendant and not the prison nor "all positions" nor "staff" nor "inmates" as his defendants as he has presently done.

Plaintiff broadly alleges that he "almost died multiple times. Due to staff negligence and racial descrimination etc." *Id*. at 5, but provides no specific factual detail to support this allegation. As previously stated, a plaintiff must "state with some minimal particularity how overt acts of the defendant caused a legal wrong". *Douglas*, 535 F.3d at 1321-22; *see also Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law'

3

and the constitutional deprivation"). Plaintiff gives no detailed account of what a state actor did to cause the Plaintiff to almost die nor how a particular state actor was racially discriminatory against the Plaintiff. Thus, Plaintiff has failed to state a claim and his complaint is subject to dismissal.

Because Plaintiff is proceeding *pro se*, **the Court will afford Plaintiff one opportunity to remedy the defects** as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Thus, Plaintiff is now required to submit an amended complaint on the Court's standard § 1983 form if he wishes to proceed with this civil action. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Plaintiff is hereby notified that **one sole operating complaint** is permissible. Thus, Plaintiff's amended complaint will take the place of his original complaint, including all exhibits or attachments. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is also directed that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did this Defendant do (or not do) to violate your rights? In other

words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)    Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation?  If not, how did his/her actions otherwise cause the unconstitutional action?  How do you know?

(3)    When and where did each action occur (to the extent memory allows)?

(4)    How were you injured because of this Defendant's actions or inactions?

(5)    What relief do you seek from this Defendant? [1]

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case.  Plaintiff may not join unrelated claims and defendants in a single action.  A plaintiff may join defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with

---

[1] The relief Plaintiff seeks in his present complaint is nonsensical. He requests "500 million in foreign cars," "100 million [in] houses across the U.S.A. in every state," "200 million in funds/ grants for [his] muslim brothers to build the biggest mosque pits… in each city and each county…also other U.S.A. states… parts of this universe where there is life water, resources, etc especially African and Iraq, Pakistan, all other continents Russia Canada, Alaska, etc.," that "all [his] brother and sister debt paid in the universe," and that the Court "get the U.S.A. out of debt with their Allies". *See* ECF No. 1 at 4. Plaintiff's current requested relief "rise[s] to the level of the irrational or wholly incredible". *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A complaint can be "frivolous" if it "involve[s] factual contentions that are fanciful, fantastic, irrational, and/or delusional". *Porter v. Governor*, 667 F. App'x 766, 767 (11th Cir. 2016) (per curiam) (citing *Denton*, 504 U.S. at 32-33).  District courts are vested "with broad discretion in determining whether to dismiss an action as frivolous or malicious....". *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Phillips v. Mashburn*, 746 F.2d 784-785 (11th Cir. 1984) (per curiam) ("Frivolous suits unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense."); *Bilal v. Driver,* 251 F.3d 1346, 1348–49 (11th Cir.2001) (stating that "[a] determination of frivolity is best left to the district court").

respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). Just because alleged events occur to an individual during the course of his incarceration in one prison or several prisons does not necessarily make claims about those allegations related under Rule 20. *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . ." If the Plaintiff wishes to pursue unrelated claims, these would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number. The filing fee must also be addressed in each new civil action.

Plaintiff must truthfully and completely answer each question presented on the Court's standard form, including but not limited to his litigation history and his efforts to

exhaust his administrative remedies. In recasting his claims, Plaintiff need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff is not to include any exhibits or attachments. ***The total complaint must be no longer than ten (10) pages.***

If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. If Plaintiff fails to follow the instructions of this Court Order, his complaint will be dismissed. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for …failure to obey a court order.").

Lastly, within approximately twenty days, the Plaintiff has filed at least seven lawsuits, including the above-named action, in the Middle District of Georgia. *See Boyd v. Warden Cox,* 5:23-cv-198-MTT-CHW (filed June 5, 2023); *Boyd v. Riverbend Rehabilitation Facility,* 5:23-cv-207-MTT-CHW (filed June 13, 2023); *Boyd v. Riverbend Rehabilitation Facility,* 5:23-cv-211-MTT-MSH (filed June 16, 2023); *Boyd v. Riverbend Rehabilitation Facility,* 5:23-cv-212-TES-CHW (filed June 16, 2023); *Boyd v. Riverbend Rehabilitation Facility,* 5:23-cv-224-MTT-MSH (filed June 26, 2023); *Boyd v. Bailey,* 5:23-cv-222-MTT-CHW (filed June 27, 2023). All these civil actions are

impermissible shotgun pleadings or raise duplicative claims or are frivolous.  *See id*. Plaintiff is cautioned that he will be responsible for satisfying the filing fees in each of these suits whether any proceed beyond frivolity review or whether any are dismissed as frivolous, malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915.  Plaintiff is also cautioned that should he have three lawsuits dismissed as frivolous, malicious, or for failure to state a claim, he will be barred from pursuing any future federal civil rights actions *in forma pauperis* unless he is found by a Court to be under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  Plaintiff should carefully review all of his suits to be sure they are specifically pled to state a constitutional claim, that they do not combine unrelated claims as prohibited by the Federal Rules of Civil Procedure, and that they do not present duplicative claims.  Should Plaintiff find that any of his suits is duplicative of another suit or that any may otherwise need to be withdrawn, then he may file a motion to have the defective case or cases voluntarily dismissed.[2]

## CONCLUSION

If Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast his complaint on the Court's standard § 1983 form as instructed, and (2) either pay the filing fee or properly file a motion to proceed *in forma pauperis* that includes a certified account statement for the previous six months, signed by a prison official.  While this action is pending, Plaintiff must also

---

[2] Rule 41 of the Federal Rules of Civil Procedure provides that a "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A).

8

immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**  There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing fee, along with the appropriate certification form (with the civil action number shown on all) to Plaintiff.

So **ORDERED and DIRECTED**, this 10th day of July, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge